UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------X
JAN KONOPCA,                                                            Civil Action No.:

                                                          **COMPLAINT FOR**
                                                          **VIOLATIONS OF THE**
                                                          **TELEPHONE CONSUMER**
                                                          **PROTECTION ACT**

    -against-

                                                          **DEMAND FOR JURY TRIAL**

ZWICKER & ASSOCIATES, P.C.,

                      Defendant.
---------------------------------------------------------------X

Plaintiff JAN KONOPCA ("Plaintiff"), by and through his attorneys, MARCUS & ZELMAN, LLC as and for his Amended Complaint against the Defendant ZWICKER & ASSOCIATES, P.C., (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

**PARTIES**

2. Plaintiff is a resident of the State of New Jersey, County of Monmouth, residing in Long Branch, New Jersey.

3. Defendant ZWICKER & ASSOCIATES, P.C. is a law firm specializing in the collection of debt, organized and existing under the laws of the State of Massachusettes, with its principal place of business in Andover, Massachusetts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (732)222-2222 numerous times.

8. Defendant began placing autodialed calls and prerecorded messages to the Plaintiff's cell phone in approximately August of 2011, and continued to do so thereafter.

9. Plaintiff is the sole subscriber of the Sprint account bearing the phone number of (732)222-2222, and has been the sole subscriber of that account at all times relevant hereto.

10. Plaintiff is the sole party financially responsible for the payment of the Sprint account bearing the phone number of (732)222-2222, and has been the sole party financially responsible for that account at all times relevant hereto.

11. Plaintiff is the regular and sole user of the cellular phone number (732)222-2222, and has been the regular and sole user of that phone number at all times relevant hereto.

12. The Defendant called from numerous phone numbers, including but not limited to 877-262-2940, all of which phone numbers belongs to Defendant.

13. Plaintiff verified that this phone number belongs to the Defendant by dialing the phone number and being greeted with an automated voice stating "Thank you for calling the Law Offices of Zwicker, P.C."

14. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system. Upon information and belief, Plaintiff has never provided his cell phone number to Defendant or had any credit card, store card or other business relationship with the Defendant.

15. Upon further information and belief, Defendant was calling the Plaintiff's cellular phone in an attempt to collect a debt from a third party who has no relationship with Plaintiff.

16. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

17. Defendant's use of an automated telephone dialing system was clearly indicated by the usage and placement of prerecorded messages, the placement of numerous calls to the Plaintiff, the placement of several or more calls to the Plaintiff per day, and the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

18. Defendant's use of an automated telephone dialing system or a predictive dialer was clearly indicated by the voicemails left on the Plaintiff's voicemail system, wherein a human voice would come on the line and state on the Plaintiff's

voicemail "Thank you for holding the line. Is Patricia there? Hello?", despite the voicemail greeting first necessarily having been played.

19. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

20. The Defendant therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

23. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

24. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

    A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    B.  Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    August 31, 2015

Respectfully submitted,

MARCUS & ZELMAN, LLC

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
Ari H. Marcus, Esq.
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (845)367-7146
Fax:    (732)298-6256
Email: yzelman@MarcusZelman.com